IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WM CAPITAL PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0266-WS-B |
| | ) |
| BIG DAWG SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 16). Default has previously been entered against the three defendants. (Docs. 11, 18). Because they have not appeared, they are not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint alleges that defendant Big Dawg Services, Inc. ("Big Dawg") executed a promissory note in favor of the plaintiff's predecessor in interest, that the indebtedness reflected by the note has not been satisfied, that the

note is in default, and that all conditions precedent to recovery have been satisfied. The complaint further alleges that the remaining defendants executed guaranties securing payment of the loan. The complaint includes one count against each defendant for breach of contract. (Doc. 1). There is no question but that these allegations actually state a cause of action and that the complaint contains a substantive, sufficient basis for the relief sought.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. Fed. R. Civ. P. 55(b)(2). Here, the plaintiff has asserted by affidavit that the individual defendants are neither. (Doc. 16, Watters Declaration, ¶ 4).

As to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. 50 U.S.C. app. § 521(a), (b). The plaintiff has not done so. Accordingly, default judgment cannot be entered at this time. On the assumption the plaintiff will rectify this deficiency, the Court proceeds to consider the size of the judgment to be entered.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on a promissory note and guaranties, which have been submitted along with affidavits from the plaintiff's representative and its counsel, and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The complaint demands recovery on the note and guaranties in the amount of $79,191.92, plus additional prejudgment interest at $14.78 per diem after April 1, 2013, as well as attorney's fees and costs. The motion for default judgment seeks $79,191.92, plus attorney's fees and costs of $6,947.35. (Doc. 16 at 3). The plaintiff's requested default judgment thus does not violate Rule 54(c).

The plaintiff seeks recovery of incurred attorney's fees and expenses of $6,947.35. The note and guaranties provides for recovery of costs and expenses of enforcement, including attorney's fees. The affidavit of counsel reflects that the time and expenses billed were actually and reasonably incurred and are reasonable in amount.

In summary, the plaintiff is entitled to judgment against the defendants in the requested amount of $86,139.27. However, before the plaintiff's motion may be granted or judgment entered, the plaintiff must comply with 50 U.S.C. app. § 521. The plaintiff is **ordered** to do so on or before **October 21, 2013**.

DONE and ORDERED this 7th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
